PEOPLE, PLAINTIFF AND APPELLEE, *v.* ALVAREZ, DEFENDANT AND APPELLANT.

APPEAL from the First District Court of San Juan in a Prosecution for Adulteration of Milk.

No. 2132.—Decided March 20, 1924.

ADULTERATION OF MILK—EVIDENCE.—The testimony of the sanitation inspector being doubtful and evasive as to whether he took the sample of milk before or after it was transferred from the can from the dairy to another can in the milk-stall, it follows that the defendant's guilt was not established beyond a reasonable doubt.

The facts are stated in the opinion.

*Mr. E. Díaz Viera* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Section 236 of the Code of Criminal Procedure says that—

"A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal."

Appellant, the owner of a dairy, sold his milk to a retailer and delivered same in a can provided with a padlock having duplicate keys, one of which was kept by appellant and the other by the purchaser.

Upon the occasion involved herein the can was opened

by the purchaser in his stall, where other milk was kept by him for sale, and the contents were transferred to another container. This was done in the presence of a sanitary inspector who testified at the trial that he took a sample for purposes of analysis from the original can; that the milk was poured out in order to obtain the sample, and that there was no water in the receptacle to which it was transferred for this purpose; that witness knew that there was no water in the jar into which the milk was poured; that witness did not examine the jar before the milk was poured into it; that witness inspected the jar before it was filled and there was no water; that in the container to which the milk was transferred there was no water; that witness examined it; that witness always takes that precaution; that witness did not remember whether or not the milk had been poured out before taking the sample, but believed that it had not; that it was poured out; that witness was in doubt as to whether the sample was taken before the original container was emptied; that the sample was sent to the laboratory; that the milk was poured out.

The owner of the stall and purchaser of the milk, who had opened and emptied the can, testified that he had purchased the milk from appellant; but it is a significant circumstance that notwithstanding the contradictory statements of the preceding witness, the prosecuting attorney made no inquiry whatever as to whether or not the sample was taken before or after the emptying of the original container.

If the milk was transferred to another container, in a stall where other milk was kept for sale, before the sample was taken and without previous inspection of such container, or in the absence of testimony tending to show that the new receptacle was empty at the time, no court could say that defendant had been proven guilty beyond a reasonable doubt. Nor can any judgment of conviction based upon testimony so utterly evasive, uncertain and self-contradictory

as that of the sanitary inspector above mentioned, in a case where other testimony upon the same point is obviously available to the prosecution but is not adduced by the prosecuting attorney, be permitted to stand.

The judgment appealed from must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.